The Honorable David Johnson State Representative 1704 North Harrison Street Little Rock, AR 72207-5324
Dear Representative Johnson:
I am writing in response to your request for my opinion on the following questions:
Pursuant to provisions of A.C.A. 23-52-102(3)(D), is a retail store considered a "check casher" when the store cashes checks for persons entering the store that do not purchase a consumer or other product from the retail store during the same visit?
Does the exclusion from the definition of "check casher" require that the retail store's act of cashing the check for any person entering the store be incidental to that person's main purpose for entering the store on the same visit?
Must a retail store require that the person entering the store purchase a consumer or other product during the person's visit in order to cash the person's check while being entitled to the exemption in A.C.A. 23-52-102(3)(D)?
RESPONSE
With respect to all three of your questions, although the statute is in some respects ambiguous, I believe a retailer of consumer or other goods need obtain a permit as a "check casher" only if it realizes more than 3% of its gross revenues from check cashing fees. In my opinion, whether or not the customer makes a purchase while cashing a check is of no consequence to the issue.
Question 1: Pursuant to provisions of A.C.A. 23-52-102(3)(D), is a retail store considered a "check casher" when the store cashes checks for persons entering the store that do not purchase a consumer or other product from the retail store during the same visit?
In my opinion, so long as the retailer's gross revenues from check-cashing fees do not exceed 3% of its total revenues, it is not obligated to obtain a permit as a "check casher" under A.C.A. §23-52-102. Whether the customer makes a purchase at the time the check is cashed is not an issue in applying the exclusion.
Subsection 23-52-102(3) of the Arkansas Code (Supp. 2005) provides in pertinent part:
"Check-casher" means a person who for compensation engages, in whole or in part, in the check-cashing business, but excluding:
* * *
(D) Any retail seller primarily engaged in the business of selling consumer or other goods to retail buyers that cash[es] checks or issue[s] money orders for a fee as a service to its customers that is incidental to its main purpose or business so long as revenue from such fees does not exceed three percent (3%) of such retail seller's gross revenues[.][1]
Subsection (4) of this statute defines the term "check cashing business" as follows:
"Check-cashing business" means the business of a check cashier [sic] selling currency or a check to another person in exchange for a check, with or without a deferred presentment option[.]
Section 23-52-107 of the Code (Supp. 2005) mandates that as a condition of conducting business a "check casher" obtain a permit from the State Board of Collection Agencies.
Your question boils down to the following: if a retail store cashes checks for a fee without requiring a concomitant retail purchase, and if the total revenues realized from those fees does not exceed 3% of the retailer's gross revenues, will the exclusion defined in A.C.A. §23-52-103(D) apply? In my opinion, although the pertinent law might be more clearly crafted, the answer to this question is, in all likelihood, "yes."
The question you have posed in your request is in many respects similar to one addressed in Heidelberg v. Jewell Companies, Inc.,312 N.E.2d 601 (Ill. 1974), in which the Illinois Supreme Court considered the scope of the following exemption from licensure as a "community currency exchange":
"Nothing in this Act shall be held to apply to any person, firm, association, partnership, or corporation . . . engaged in the business of selling tangible personal property at retail who, in the course of such business and only as an incident thereto, cashes checks, drafts, money orders or other evidences of money. . . ." Ill.Rev.Stat. 1971, ch. 16 1/2, par. 31.
Id. at 602. In interpreting this exemption, the court observed:
With respect to the intended scope of the Act and the exemptions contained therein, this court observed in Thillens, Inc. v. Morey (1957), 11 Ill.2d 579, 144 N.E.2d 735: `It is apparent from the act in question that the purpose of the legislature in adopting the act was to protect the public when dealing with institutions, both ambulatory and otherwise, primarily engaged in the business of furnishing check cashing and currency exchange services.' The court went on to state the exemptions contained in section 1 `refer to businesses not primarily engaged in currency exchange or check cashing, but refer to businesses whose primary business is something different, Viz., transportation of another's valuables for hire, or retail sales. In each type of exempted business it is recognized that incidentally checks may be cashed.'11 Ill.2d at 595, 144 N.E.2d at 744.
312 N.E.2d at 602. The court in Heidelberger further noted:
Notwithstanding plaintiffs' contentions to the contrary, we are not persuaded that the possibility that persons might cash checks at the accommodation desk without later purchasing groceries destroys the incidental nature of the service here rendered.
Id. at 604. Although the Illinois court's interpretation of its statutory exclusion from licensure would obviously not be precedent for an Arkansas court in interpreting the exclusion from the permit requirement defined in A.C.A. § 23-52-103(D), I believe a reviewing court would likely read a similar legislative intent into this state's statute. In offering this opinion, I am not ignoring the fact that in the Arkansas statute, the retailer's cashing of checks is characterized within the exclusion as "a service to its customers" (emphasis added) — a description that might be read as indicating that the check-cashing must occur in conjunction with a sale in order for the exclusion to apply. The term "incidental" as used in A.C.A. § 25-52-103(D) might also support this construction, given its standard definition as meaning "happening . . . in . . . subordinate conjunction with something else." Random House Webster's Unabridged Dictionary (2d ed. 1999). One might thus argue that a retail store that cashes a check for someone who is not simultaneously making a purchase would be a "check casher" for purposes of that transaction. However, I do not find this argument persuasive. The term "customers" might just as easily be read broadly as including not only purchasers of retail goods but also patrons of the check-cashing service itself. As the Illinois court concluded, the notion of "incidental" as meaning "happening in subordinate conjunction with something else" might in the present context more properly be construed as indicating only that the business' prime, but not exclusive, activity is the retail sale of consumer or other goods. In my opinion, for such a seller, so long as revenues from check-cashing activities do not exceed 3% of gross revenues, the check-cashing business will be "incidental" to the seller's "main purpose or business," regardless of whose checks the seller has cashed.
In my opinion, therefore, irrespective of whether an Arkansas retailer cashed checks for individuals who were not retail customers, in order to avoid being classified as a "check-casher" subject to the permit requirement of A.C.A. § 23-52-107, it would need only to restrict the revenues of its check-cashing enterprise to 3% or less of its total gross revenues.
In short, although the statute is hardly a model of clarity — a fact that has reportedly inspired debate as to its meaning within the State Board of Collection Agencies — I believe the exclusion defined in A.C.A. § 23-52-103(D) has only two crucial components: first, that the party claiming the exclusion be a retail seller of goods; and, secondly, that the party claiming the exclusion derive no more that 3% of its gross revenues from check-cashing fees. Having offered this conclusion, I will again note that the statute might benefit from legislative clarification.
Question 2: Does the exclusion from the definition of "check casher" require that the retail store's act of cashing the check for any person entering the store be incidental to that person's main purpose for entering the store on the same visit?
I gather you are asking whether the exclusion set forth in A.C.A. § 23-52-103(D) can apply only if the party seeking to redeem a check makes an attendant purchase of goods from the retailer who cashes the check. For reasons discussed in my response to your first question, I believe the answer to this question is in all likelihood "no." I believe a retailer may cash anyone's check, including that of a person not making a current purchase of goods, so long as no more than 3% of the retailer's gross revenues comprise check-cashing fees. Again, I believe this exclusion reflects a legislative intent to exempt retailers who do not derive a significant percentage of their revenues from that activity.
Question 3: Must a retail store require that the person entering the store purchase a consumer or other product during the person's visit in order to cash the person's check while being entitled to the exemption in A.C.A. 23-52-102(3)(D)?
Subject to the conditions set forth in the statute, I believe the answer to this question is "no."
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] In addressing this issue, I must note initially that the syntax of this subsection is incorrect. Specifically, it would appear from the sense of the subsection that the plural phrase "that cash checks or issue money orders for a fee to its customers" must modify the singular term "retail seller" — a grammatical inconsistency I believe must be resolved by inserting the bracketed letters in the statute.